IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RALPH CARR, | ) | |
| TDCJ #889824, | ) | |
|     Plaintiff, | ) | |
| | ) | 7:06-CV-144-O |
| v. | ) | |
| | ) | |
| DANNY HORTON, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Came on to be considered *Defendant's Motion for Summary Judgment with Brief in Support* (Dkt. #30), filed by defendant Christopher Radke, and the court finds and orders as follows:[1]

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendant Radke is a correctional officer at the Allred Unit. Plaintiff claims that, on May 5, 2006, Radke used excessive force against him when he slammed plaintiff's fingers in the food slot door of plaintiff's cell. *Complaint ¶ V*. He seeks monetary damages. *Id. at ¶ VI*.

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

---

[1] Plaintiff did not file a response to Defendants' Motion for Summary Judgment. The court notes that, on December 20, 2007, plaintiff requested production of documents from Radke. However, that motion was due within ten days after defendant filed his motion for summary judgment, which would have been December 6, 2007 at the latest. As such, plaintiff's motion for production of documents was untimely. Moreover, plaintiff requested broad discovery rather than limiting his discovery requests to the issue of qualified immunity as ordered. *See court's order of October 15, 2007 (Doc. #27)*.

Defendant argues, *inter alia*, that plaintiff's injury was *de minimis* and, as such, insufficient to raise any constitutional concerns. *Motion for Summary Judgment pp. 5-8.* In his complaint and answers to the court's questions, plaintiff claims that he suffered lacerations on two of his fingers, permanent scarring and the "immediate loss" of two fingernails on his left hand. *Complaint¶ V; Plaintiff's Answer to the Court's Question No. 9.* Plaintiff states that x-rays of his fingers were taken to see if they were broken, but that he was never informed of the results. *Plaintiff's Answer to the Court's Question No. 9.*

Review of the summary judgment evidence reflects that, immediately after Carr alleged a use of force by Radke, he was taken to the medical department where he was examined by a nurse. *Defendant's Exhibit A, pp. 23, 28, 31 & 32.* The nurse noted a small superficial lacerations on plaintiff's third left finger. *Id. at pp. 23 & 32.* The cuts were cleaned, antibiotic ointment was applied and covered with band-aids. *Id. at pp. 23 & 28.* Although plaintiff thought his fingers were broken, x-rays revealed no fractures. *Id. at pp. 31 & 33.* There is no indication from the record of any further medical treatment for plaintiff's fingers.

42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The court notes that, while plaintiff claims Radke kicked the food slot shut on his fingers, Radke claims that plaintiff injured himself by rushing toward the food slot and trying to stop it from being closed immediately after Radke had closed the slot. This contradiction as to how plaintiff cut his finger is immaterial because the court finds that the competent summary judgment evidence demonstrates that plaintiff suffered at most, a *de minimis* injury resulting from the incident of which

he complains. Plaintiff has failed to offer evidence demonstrating that he suffered anything more than a *de minimis* injury and, other than previously indicating that he might have suffered a fracture, plaintiff makes no claim that he suffered anything more than a *de minimis* injury. *See Complaint ¶ V; Plaintiff's Answer to the Court's Question No. 9.* Such injuries do not constitute "physical injury" as required to raise a constitutional issue.[2]

In his motion, defendant Radke asserts his entitlement to qualified immunity. Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). The question of qualified immunity should be resolved at the earliest possible stage of litigation because it involves an entitlement to immunity from suit. *Hunter v. Bryant*, 502 U.S. 224, 226 (1991); *accord Gibson*, 44 F.3d at 277. The first step in evaluating a government official's entitlement to a defense of qualified immunity is to determine both what the current applicable law

---

[2] *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore bruised ear lasting for three days did not constitute a physical injury as required to state a claim for excessive force); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis* ); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex 1997) (holding that sore muscles, scratches, abrasions and bruises do not constitute a "physical injury" within the meaning of § 1997e(e)); *Morgan v. Dallas County Sheriff's Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan.11, 2005), rec. adopted, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation that plaintiff suffered "undue pain ... on a regular basis" as a result of not receiving medication held insufficient to establish physical injury); *Davis v. Bowles*, No. 3-04-CV-0877-L, 2004 WL 1205182 at *2 (N.D. Tex. Jun 1, 2004), rec. adopted, 2004 WL 1381045 (N.D. Tex. Jun. 18, 2004) (headaches and depression caused by failure to administer Prozac was *de minimis* injury); *Myers v. Valdez*, 2005 WL 3147869, *2 (N.D. Tex. 2005) (allegations of pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash and discomfort insufficient to establish "physical injury"); *Abney v. Valdez*, 2005 WL 3147863, *2 (N.D. Tex. 2005) (claims of blood pressure medication causing frequent urination, almost daily migraine headaches and itchiness and watery eyes due to food allergies found insufficient to establish "physical injury."); *Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of "physical injury").

is and whether it was clearly established at the time of the events giving rise to the lawsuit. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). If the plaintiff has stated a violation of a constitutional right which was clearly established at the time, the court should then determine whether a reasonable official would have understood that his or her conduct violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The right of an inmate to be protected from the use of excessive force by prison guards was clearly established at the time of the events giving rise to this lawsuit. However, as discussed earlier, plaintiff has failed to show that he suffered any physical injury which is necessary to state a claim of excessive force. Because plaintiff has failed to state a violation of a constitutional right, defendant Radke is entitled to qualified immunity from suit.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c);

*Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that defendant Christopher Radke is entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's claims against Christopher Radke are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The clerk of court shall transmit copies of this order to plaintiff and to counsel for defendants.

SO ORDERED this 29th day of September, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**